155 F.3d 1343
 1999 A.M.C. 725, 12 Fla. L. Weekly Fed. C 110
 Stacy C. GRAY, individually and as Surviving Spouse of Lt.
Douglas G. Gray, and as Personal Representative of
Lt. Douglas G. Gray, deceased,
Plaintiff-Appellee, Cross-Appellant,
v.
LOCKHEED AERONAUTICAL SYSTEMS COMPANY, a division of
Lockheed Corporation, Defendant-Appellant, Cross-Appellee.
Grace M. SCHUMACHER, individually and as Surviving Parent of
Lt. John T. Hartman, and as Personal
Representative of Lt. John Hartman,
Deceased, Plaintiff-Appellee,
Cross-Appellant,
v.
LOCKHEED AERONAUTICAL SYSTEMS COMPANY, a division of
Lockheed Corporation, Defendant-Appellant, Cross-Appellee.
Wilma J. JENNINGS, individually, and as Surviving Parent of
Lt. David S. Jennings, and as Personal
Representative of Lt. David S. Jennings,
Deceased, Plaintiff-Appellee,
Cross-Appellant,
v.
LOCKHEED AERONAUTICAL SYSTEMS COMPANY, a division of
Lockheed Corporation, Defendant-Appellant, Cross-Appellee.
 No. 95-8459.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 25, 1998.
 
 Edward W. Killorin, Robert Ware Killorin, Killorin & Killorin, Atlanta, GA, Howard M. Acosta, Law Offices of Howard M. Acosta, St. Petersburg, FL, for Gray, Schumachaer and Jennings.
 Richard B. North, Jr., Edgar A. Neely, III, Atlanta, GA, Richard M. Sharp, Frederick C. Schafrick, Shea & Gardner, Washington, DC, for Lockheed Aeronautical Systems Co.
 Appeal from the United States District Court for the Northern District of Georgia (Nos. 1:91-CV-2399-ODE, 1:91-CV-2400-ODE and 1:91-CV-2401-ODE); Orinda D. Evans, Judge.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before HATCHETT, Chief Judge, TJOFLAT, Circuit Judge, and CLARK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This case is before the court on remand from the United States Supreme Court for further consideration of our earlier opinion in light of Dooley v. Korean Air Lines Co., Ltd., 524 U.S. 116, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998). In accord with the Court's opinion, we reverse our previous holding that appellees may recover damages for pain and suffering on their survival action claims based on general maritime law in conjunction with the Death on the High Seas Act, 46 U.S.C.App. §§ 761-768. See Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1371, 1381-86 (11th Cir.1997). We affirm the remainder of our decision that does not touch such survival action claims, and remand to the district court for further proceedings consistent with our decision and Dooley.
 
 
 2
 REVERSED IN PART and REMANDED.