## A99A1253. PYLE v. CITY OF CEDARTOWN.
(524 SE2d 7)

PHIPPS, Judge.

This case involves a dispute over title to a burial plot in a city cemetery. The City of Cedartown was drawn into the controversy when it conveyed title to the plot to the deceased's son by his first marriage and not to his widow. The City was unaware of the animosity between the widow and her stepson.

When Danny Pyle died, he was survived by his second wife, Caron Pyle, and children from his first marriage, including a son, Michael Pyle. The day after Danny Pyle died, family members, including his widow and son, Michael Pyle, met at Northview Cemetery and chose two adjacent burial plots — one in which to bury Danny Pyle. Caron Pyle expected to be buried in the other. Northview Cemetery is owned and operated by the City of Cedartown. Its

---

[11] Id. at 748 (2) (b); *Beman,* supra, 232 Ga. App. at 221 (3).
[12] *Robinson,* supra, 268 Ga. at 748.

Superintendent of Parks & Cemeteries, Jim Denton, met with the family when the cemetery plot was selected.

Caron Pyle and Denton thought the funeral home would pay for the plot and include the cost in its bill to Caron Pyle. The funeral home paid the City for the plot and thereby acquired the right under city ordinance to designate the name in which the plot would be titled.

After the burial, the funeral home informed the City that Michael Pyle was going to pay for the plot and requested a refund of its money. The City accepted payment from Michael Pyle, refunded the funeral home, and conveyed the plot to Michael Pyle in compliance with directions from the funeral home and Michael Pyle. Caron Pyle never personally made or offered payment for the plot to the City. The City was not suspicious of Michael Pyle's motives in this transaction because it knew that he was Danny Pyle's son and that he and Caron Pyle were together when the plot was selected. Caron Pyle claims that she told the City that title should be conveyed to her. She discovered that Michael Pyle had title to the cemetery plot when he would not allow her to place a monument on the grave.

Pyle sued her stepson, the funeral home, and the City for fraud and intentional infliction of emotional distress, among other claims. The City was granted summary judgment on the issues of fraud and intentional infliction of emotional distress. We affirm because we find that the record does not contain evidence from which a jury could find each of the elements of fraud and intentional infliction of emotional distress.

In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). On appeal of the grant of summary judgment, we must determine whether the trial court erred in concluding that no genuine issue of material fact exists and that the City was entitled to summary judgment as a matter of law. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

The City may prevail in its motion for summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of [Pyle's] case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review is de novo. *Walker v. Virtual Packaging*, 229 Ga. App. 124 (493 SE2d 551) (1997).

1. Pyle has not presented sufficient evidence to prove fraud.

The tort of fraud has five elements. These are: (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort.

(Citations and punctuation omitted.) *Reeves v. Edge*, 225 Ga. App. 615, 617-618 (2) (484 SE2d 498) (1997).

On April 22, 1997, Denton asked Pyle if the selected burial plots should be placed in her name, and she said yes. Denton then asked Pyle for her name and address and recorded the information. This conversation between Pyle and Denton was not a fraudulent misrepresentation by the City. The City did not receive instructions from the funeral home to title the plot in Michael Pyle's name until after the burial. Even if Denton made a representation on April 22 by asking for and writing Pyle's name and address as the person to whom the City was to convey the burial plot, there is no evidence that Denton intended the representation to be false. Thus there was no fraudulent misrepresentation. See, e.g., *Martin Burks Chevrolet v. McMichen*, 136 Ga. App. 845, 847 (222 SE2d 633) (1975) (for there to be fraud, defendant must know the representation is false at the time it is made). Because the record contains no evidence of either misrepresentation or deception on the part of the City, we affirm the trial court's grant of summary judgment to the City on Pyle's claim of fraud.

2. A claim for intentional infliction of emotional distress has four elements: (1) intentional or reckless conduct (2) which is extreme and outrageous and (3) caused the emotional distress (4) which is severe. *Trimble v. Circuit City Stores*, 220 Ga. App. 498, 499 (469 SE2d 776) (1996). Although there may be evidence to show that Pyle suffered severe emotional distress, there is no evidence that the City intended to harm her. Even assuming the City breached its duty to Pyle by transferring title to her husband's burial plot to her stepson, "[u]nder these circumstances, it is difficult to imagine how the recitation of the facts to an average member of the community would arouse his resentment against [the City] and leave him to exclaim '[o]utrageous!'" (Citations and emphasis omitted.) *Williams v. Stepler*, 227 Ga. App. 591, 594 (2) (490 SE2d 167) (1997). We affirm the trial court's grant of summary judgment to the City on Pyle's claim of intentional infliction of emotional distress.

3. Pyle maintains that the trial court erred in granting summary judgment to the City without addressing other claims included in her amended complaint. These claims include interference by the City in

her right to bury her husband, to memorialize his grave site, and in her right to be buried in the adjoining plot.

"The entry of a judgment as to one or more but fewer than all the claims or parties is not a final judgment. . . . [Cits.]" *Culwell v. Lomas &c. Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978). We interpret the order of the trial court to be an order of partial summary judgment under OCGA § 9-11-56 (d).

The City's motion for summary judgment was limited to the issues of fraud and intentional infliction of emotional distress. The trial court analyzed Pyle's claims of fraud and intentional infliction of emotional distress and granted summary judgment as to each claim specifically.

The City maintains that if Pyle cannot prevail on her theory of fraudulent conveyance, her other theories of recovery against the City must also fail. The trial court did not rule on her other theories. This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it.

We affirm the grant of summary judgment to the City on the issues of fraud and intentional infliction of emotional distress.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 20, 1999.

*James A. Satcher, Jr.*, for appellant.
*Freeman, Mathis & Gary, Theodore Freeman, Robyn L. Oliver, Dana K. Maine*, for appellee.