A00A0029. MABROS et al. v. DONUTS-R-US, INC. et al.

(536 SE2d 215)

POPE, Presiding Judge.

Donuts-R-Us, Inc., d/b/a Dunkin Donuts, and Nafela, Inc., d/b/a Dunkin Donuts, sued Bill Mabros and Milly Mabros to recover damages for breach of a lease covenant. The plaintiffs and the Mabroses filed cross-motions for summary judgment. The trial court granted summary judgment to the plaintiffs on their breach of contract claim. The trial court granted summary judgment to the Mabroses on plaintiffs' claims other than breach of contract. The issue of damages remains pending below. The Mabroses appeal, and finding no error, we affirm.

"On appeal of the grant of summary judgment, we must determine whether the trial court erred in concluding that no genuine issue of material fact exists and that the [plaintiffs] are entitled to summary judgment as a matter of law. [Cit.]" *City of Lithia Springs v. Turley*, 241 Ga. App. 472, 473 (526 SE2d 364) (1999). Our review is de novo. *Pyle v. City of Cedartown*, 240 Ga. App. 445, 446 (524 SE2d 7) (1999).

1. On May 11, 1992, the Mabroses leased a building and land in Stockbridge to Donuts-R-Us. Donuts-R-Us subsequently opened a Dunkin Donuts franchise on the leased premises. Section eight of the lease provides:

LESSOR agrees, during the term of this LEASE and any extension thereof, to hold any land now or hereafter owned or controlled by LESSOR within a radius of one (1) mile of the PREMISES subject to the following restriction for the benefit of the LESSEE and the PREMISES and to include such restriction in all leases or sales of the land; namely that no part of such land shall be leased or used for the manufacture or sale at wholesale or retail of donuts, pies, pastry or bakery products, except that the sale of donuts, pies, pastry and bakery products at retail if not manufactured on the premises, may be made in connection with the operation of supermarkets, convenience stores, restaurants, diners, luncheonettes and soda fountains.

The Mabroses sold property located within a mile of the leased premises to Wal-Mart. The deeds transferring the property did not include the restrictions required by section eight of the lease. Uncontroverted evidence shows that the Mabroses failed to honor the lease covenants in their sale of land to Wal-Mart. The Mabroses nevertheless maintain that the plaintiffs suffered no harm. They argue that Wal-Mart sold no products that it would have been forbidden to sell

had the section eight restrictions been included in the deeds from the Mabroses.

In April 1996, Wal-Mart opened an in-house bakery. The Wal-Mart store was constructed on land previously owned by the Mabroses as well as on land previously owned by a third party. Goods from the bakery were displayed and sold throughout the store. The in-house bakery, however, was located entirely on land that had never been owned by the Mabroses. Section eight of the lease only prohibits sale of bakery products which are manufactured on "premises." Although Wal-Mart's in-house bakery is not located on property within the reach of the leasehold restrictions, it is on the "premises" of a store which is. The plaintiffs have established that Wal-Mart sold competing products that it would have been forbidden to sell had the section eight covenants been included in the deeds.

2. The Mabroses argue that the plaintiffs have suffered no harm because they are not entitled to recover damages for lost profits. We have previously established that:

> The measure of damages recoverable for a lessor's breach of [a] covenant not to rent other stipulated premises for a competing business is the difference in value between the plaintiffs' leasehold with the covenant against competition unbroken and the same leasehold with the covenant broken. The value of said leasehold is not controlled by the stipulated rental therefor, nor the profits which the tenant could have realized from the operation of his business without the adjacent competing business. However, allegations and evidence of loss of profits are material to show the damage sustained by the lessee, in accordance with the rule herein stated. [Cits.]

(Punctuation omitted.) *Market Place Shopping Center v. Basic Business Alternatives*, 227 Ga. App. 419, 420 (1) (489 SE2d 162) (1997). Given the similar effect on a lessee's ongoing business, we find that this measure of damages also applies to a lessor's violation of a lease covenant not to sell property to a competing business.

Evidence of lost profits alone is insufficient to provide a basis for determining a diminution in leasehold value. *David Enterprises v. Kingston Atlanta Partners*, 211 Ga. App. 108, 111 (2) (438 SE2d 90) (1993). And if lost profit evidence is presented, it does not change "the well-established rule that the trier of fact must be provided with some means of ascertaining the value of those lost profits with some degree of certainty." *Market Place Shopping Center*, 227 Ga. App. at 422. For purposes of summary judgment, the Mabroses have not shown that plaintiffs cannot establish a diminution in value of the

leasehold estate. The trial court properly granted summary judgment to the plaintiffs for breach of contract. The question of damages remains outstanding.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 21, 2000 —
RECONSIDERATION DENIED JULY 13, 2000 ▮▮▮▮▮

*Womble, Carlyle, Sandridge & Rice, Everett W. Gee III*, for appellants.

*Hancock & Echols, Ted N. Echols*, for appellees.