## A02A1395. MANGHAM v. THE STATE.
(571 SE2d 500)

Miller, Judge.

A jury found Randy Hayes Mangham guilty of three counts of entering an automobile, two counts of obstruction of an officer, and one count of carrying a concealed weapon. Mangham appeals his convictions, contending that the court erred in examining Mangham and that his "trial counsel erred" by failing to advise the trial court of alleged improper juror conduct. We hold that Mangham's claims have no merit and affirm.

Viewed in a light most favorable to the verdict, the record shows that when a police officer saw Mangham walking along the road at 4:00 a.m., he stopped to question him, but Mangham fled. A second officer located Mangham, who told the deputy he had a gun and then tried to walk away. The deputies were able to take Mangham into custody, and when they searched him they found a gun in his pocket. Mangham was also in possession of a stolen cell phone and a stolen bag containing jewelry which had been taken from two different automobiles. Mangham claimed to have been fishing and led the deputies to a pond where they found a bicycle, a fishing pole, and a black pouch that had been stolen from a third car.

1. Mangham claims the trial court erred when it questioned him during his testimony because the tenor and tone of the judge's questions violated OCGA § 17-8-57, which provides that it is error for a judge in a criminal case "to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." In particular, he refers to testimony of his trial counsel during the motion for a new trial that, during the trial of the case, the judge had expressed an opinion to the effect that he found it difficult to believe a portion of Mangham's testimony. The alleged statement by the trial court, however, does not appear in the trial transcript, and Mangham admits in his appellate brief that "the record does not bear out any specific violation of the letter of the statute. . . ." The only specific statement by the trial court that Mangham suggests was improper occurred when the judge told Mangham, "I think you've told me enough. You can come on down. . . ." We have reviewed the questioning of Mangham by the trial court, as reflected in the transcript, and we find no error. The complained-of statement does not express an opinion as to Mangham's guilt, and the court's examination of a witness is not alone grounds for a new trial. See *Shields v. State*, 272 Ga. 32, 34 (5) (526 SE2d 845) (2000).

2. During the motion for new trial, Mangham's trial counsel disclosed that she had seen, although she had not heard, a discussion between two jurors and a State's witness. Trial counsel sent a letter to the assistant district attorney detailing the communication, but the trial court was not informed of the allegedly improper contact during trial. Mangham's trial counsel explained at the hearing on motion for new trial why she did not bring the possibly improper contact to the attention of the trial court:

Q: You said that the reason you didn't [bring the matter to the attention of the court] is because you didn't have any proof of it, is that correct?
A: Yeah, I just felt like based upon my testimony only, there was not sufficient proof of it.

Mangham now claims that his trial counsel erred by not informing the trial court of what she saw. His claim of error does not charge error by the trial court, but by his trial counsel. When we have said that "[t]his court is for the correction of errors," we refer to the error of the trial court. *Pyle v. City of Cedartown*, 240 Ga. App. 445, 448 (3) (524 SE2d 7) (1999). Moreover, our review of the record and of Mangham's arguments reveals that Mangham presents no viable basis for an ineffective assistance claim. Thus, there is no reason to reverse the trial court's denial of his motion for new trial.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 20, 2002.

*Sullivan & Sturdivant, Harold A. Sturdivant, C. Arthur Moss, Jr.*, for appellant.
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.