A03A0497. SOUTHERN TRUST INSURANCE COMPANY v. DR. T'S NATURE PRODUCTS COMPANY.

(584 SE2d 34)

BARNES, Judge.

Southern Trust Insurance Company appeals the trial court's order granting summary judgment to Dr. T's Nature Company in a suit involving Dr. T's claim for indemnification of a property loss against its insurer, Southern Trust. The trial court granted summary judgment to Dr. T's, finding that the property loss was covered under the terms of the policy because Dr. T's had "acquired" the facility where the loss occurred. Southern Trust appeals, and finding that summary judgment was properly granted to Dr. T's, we affirm.

In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the movant must show that there is no genuine issue of material fact and that the facts, viewed in the light most favorable to the nonmovant, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). A defendant may accomplish this by demonstrating that the record contains insufficient evidence to create a jury issue on at least one essential element of the plaintiff's case. Id.

So viewed, the evidence demonstrates that since 1990, Dr. T's has manufactured animal and insect repellant. It operates out of two leased buildings. One building is used as an office and for manufacturing, and the other building is used as a warehouse. Dr. T's has rented the buildings since 1990 and pays its lessor $1,350 per month. There is no written lease agreement for the facilities. Southern Trust insured Dr. T's property within the facilities.

In late November 2000, Dr. T's was constructing steel pallet racks in its warehouse facility and needed to store some of its product on a temporary basis until the racks were completed. The lessor agreed to let Dr. T's use two coolers in a warehouse located across the highway from its present facility. Dr. T's was not charged any additional money to use the warehouse, and both parties agreed that it would be used only on a temporary basis. On November 28, 2000, Dr. T's moved sixty-four pallets of its "Snake-A-Way" product and ten and one-half pallets of "Snake-A-Way" displays to the warehouse. The product was shrink-wrapped and ready to ship. On December 13, 2000, the warehouse and all of the products in it were destroyed by a fire. Dr. T's submitted a claim to Southern Trust for a property loss of $101,520, but Southern Trust denied the claim. The underlying action followed.

1. Southern Trust enumerates as error the trial court's grant of Dr. T's motion for summary judgment. It argues that under the terms of the insurance policy, the language fixing the extent of its liability was unambiguous and only one reasonable construction was possible, which was that it was not liable under these circumstances.

In construing an insurance contract, a court must consider it as a whole, give effect to each provision, and interpret each provision to harmonize with each other. *Boardman Petroleum v. Federated Mut. Ins. Co.*, 269 Ga. 326, 328 (498 SE2d 492) (1998). The policy should be read as a layman would read it. *Nationwide &c. Ins. Co. v. Collins*, 136 Ga. App. 671, 675 (222 SE2d 828) (1975). While under Georgia law an insurance company is free to fix the terms of its policies as it sees fit, so long as they are not contrary to the law, and it may insure against certain risks while excluding others, *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996), exclusions will be strictly construed against the insurer and in favor of coverage. *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 615 (1) (299 SE2d 561) (1983). "[T]he risk of any lack of clarity or ambiguity in an insurance contract must be borne by the insurer. [Cit.]" *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333, 337 (3) (380 SE2d 686) (1989).

Southern Trust argues that the denial was properly based on an extension clause in the policy relating to "property off premises," which provided, *"You may extend the insurance provided by this Coverage Form to apply to your Covered Property, other than 'stock,' that*

*is temporarily at a location you do not own, lease or operate."* Southern Trust maintains this extension clause controls because Dr. T's was using the warehouse temporarily and did not "own, lease or operate" it. Thus, it argues, because under this provision the extended coverage does not apply to stock, the loss was not covered.

The policy also contained the following coverage extension provision relating to "Newly Acquired or Constructed Property," *"You may extend the insurance that applies to Your Business Personal Property to apply to that property at any location you acquire other than at fairs or exhibitions."* Under the terms of the policy, "Your Business Personal Property" includes stock. In granting summary judgment to Dr. T's, the trial court found this second provision controlling, holding that "the central issue for determination is whether [Dr. T's] had acquired the warehouse across the highway wherein the stock has been stored in order to bring it under coverage. . . ." The trial court then found, as a matter of law, "the meaning of the word ACQUIRE to be the time of taking possession of the storage warehouse," and Dr. T's was entitled to indemnification for its loss.

"Where an insurance company seeks to invoke an exclusion contained [within] its policy, it has the burden of showing that the facts came within the exclusion." (Citations and punctuation omitted.) *Southern Guaranty Ins. Co. v. Duncan*, 131 Ga. App. 761, 764 (3) (206 SE2d 672) (1974). As noted above, the risk of an ambiguity in this insurance contract is borne by Southern Trust.

Here, section five of the policy relates to coverage extensions and includes five subsections that apparently address separate and distinct areas of extended coverage. Two of the subsections could apply to this loss: "Newly Acquired or Constructed Property" and "Property Off Premises." Southern Trust contends that this loss comes within the "property off premises" subsection, which specifically excludes coverage for stock. But the trial court held that the loss comes within the "newly acquired" subsection. The policy does not define "acquire," but considering the commonly accepted meaning of "acquire" as "to gain possession of,"[1] the policy provides coverage for stock located at property of which Dr. T's takes possession, other than "fairs or exhibitions." Clearly, Dr. T's gained possession of the warehouse when the lessor gave the company permission to use the space and the company transferred its stock to the warehouse. While both parties understood that the arrangement was temporary, the policy does not address whether the newly acquired property may be temporary or must be permanent to fall within the policy extension.

Under these facts, Southern Trust failed to meet the burden of

---

[1] American Heritage Dictionary, p. 75 (Houghton Mifflin 2nd ed. 1985).

showing that the loss came within the exclusion in its "property off premises" subsection. *Southern Guaranty Ins. Co.*, supra, 131 Ga. App. at 764 (3). "[I]f an insurance contract is capable of being construed two ways, it will be construed against the insurance company and in favor of the insured." *Claussen v. Aetna Cas. &c. Co.*, supra, 259 Ga. at 334-335 (1). Thus, the court did not err in granting summary judgment to Dr. T's.

2. Southern Trust also enumerates as error the denial of its motion for summary judgment on the issues of bad faith and attorney fees. It asserts this error prematurely, however, because the trial court deferred these issues for future resolution. Consequently, these issues are not ripe for appellate review.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 19, 2003 — 

*Simpson & Cross, Ralph F. Simpson, Melanie Barbee-Cross*, for appellant.

*Langley & Lee, Donald W. Lee, Alfred J. Powell, Jr.*, for appellee.