A04A0110, A04A0111. VO et al. v. YAMAHA GOLF CAR COMPANY et al. (two cases).
(600 SE2d 594)

JOHNSON, Presiding Judge.

On November 21, 1998, Hong Quy Vo, Scott Vo, Vihn Pham, and Lien Tran left Tybee Island, on a recreational fishing trip. The four men traveled in Tran's 19-foot Cobia boat to a Navy tower located approximately 25 miles offshore. The boat capsized, and Lien Tran, Hong Quy Vo, and Scott Vo died. Phouc Thi Kim Vo, individually and as administratrix for Tran's estate, and Tin Vo, individually and as administrator of Hong Quy Vo's estate, sued Yamaha Golf Car Company, C&C Manufacturing Company, and Coastmarine, Inc., among

---

others, for damages arising out of Tran's death and Hong Quy Vo's death. The trial court granted partial summary judgment to Yamaha, C&C, and Coastmarine.[1] Phouc Thi Kim Vo and Tin Vo filed separate appeals from the trial court's grant of partial summary judgment, and we have consolidated the appeals because the controlling facts and issues are the same.[2]

Phouc Thi Kim Vo and Tin Vo claim that the trial court erred in (i) granting summary judgment to Yamaha, C&C, and Coastmarine on their claims for the injuries and conscious pain and suffering of the deceased as provided by OCGA § 9-2-41, and (ii) ruling that state courts are prohibited by DOHSA[3] from allowing other state law based claims when damages in wrongful death are controlled by DOHSA. Indeed, intuitively the Vos' claim sounds correct, that state law remedies should run parallel to, not be excluded by, DOHSA remedies. However, since the United States Supreme Court's ruling in *Dooley v. Korean Air Lines Co.*,[4] that is not the case. We are constrained to affirm the judgment of the trial court because, based on *Dooley* and subsequent decisions of the United States Court of Appeals for the Eleventh Circuit, DOHSA preempts the appellants' actions for injuries and pain and suffering based on state law.

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[5] Our review is de novo.[6]

---

[1] Yamaha and C&C moved for partial summary judgment on Phouc Thi Kim Vo's claims for breach of express warranty, breach of implied warranty, and damages other than those which represent pecuniary losses sustained by Phouc Thi Kim Vo pursuant to the Death on the High Seas Act ("DOHSA"). This motion was granted in part and denied in part in the trial court's order of April 7, 2003. Coastmarine moved for partial summary judgment on Phouc Thi Kim Vo's claims for strict liability, breach of express warranty, breach of implied warranty, and damages other than those which represent pecuniary losses sustained by Phouc Thi Kim Vo pursuant to DOHSA. This motion was granted in the trial court's order of April 10, 2003. Case No. A04A0110 is an appeal from the trial court's orders granting partial summary judgment to Yamaha, C&C, and Coastmarine.

Coastmarine also moved for partial summary judgment on Tin Vo's claims for strict liability, breach of express warranty, breach of implied warranty, and damages other than those which represent pecuniary losses sustained by Tin Vo pursuant to DOHSA. The trial court granted this motion in its order of April 15, 2003. In Case No. A04A0111, Tin Vo appeals the trial court's grant of partial summary judgment to Coastmarine. Yamaha and C&C, along with Coastmarine, have filed appellee briefs in both cases although the notice of appeal in Case No. A04A0111 only appeals from the trial court's order granting partial summary judgment to Coastmarine.

[2] Yamaha and C&C have asked this Court to dismiss the appeals on the grounds that Phouc Thi Kim Vo and Tin Vo failed to properly cite to the appellate record. These motions are denied.

[3] 46 USC § 761 et seq.

[4] 524 U. S. 116 (118 SC 1890, 141 LE2d 102) (1998).

[5] OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[6] *Pyle v. City of Cedartown*, 240 Ga. App. 445, 446 (524 SE2d 7) (1999).

In the underlying actions, Phouc Thi Kim Vo and Tin Vo, as the personal representatives of Tran and Hong Quy Vo, respectively, asserted claims for the pain and suffering of the deceased. These claims were asserted under authority of OCGA § 9-2-41, which provides that "[n]o action for a tort shall abate by the death of either party," and upon the death of the plaintiff, the cause of action may be asserted by the personal representative of the deceased.[7] Thus a survival action under OCGA § 9-2-41 differs from an action under a wrongful death statute such as OCGA § 51-4-2, which grants a distinct cause of action in certain individuals for the value of the deceased's life.[8] For purposes of this appeal, the parties do not dispute that Phouc Thi Kim Vo's and Tin Vo's claims for pain and suffering of the deceased may be asserted under Georgia law. The question is whether DOHSA forbids the assertion of these state law claims.

DOHSA provides, in relevant part:

. . . whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.[9]

The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought. . . .[10]

Because Tran's and Hong Quy Vo's deaths occurred more than a marine league from shore,[11] DOHSA applies to this case.

For the controlling authority on the interaction between state law and DOHSA, we must look to the decisions of the United States

---

[7] See *Complete Auto Transit v. Floyd*, 214 Ga. 232, 237-238 (2) (104 SE2d 208) (1958).

[8] See, e.g., *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (463 SE2d 5) (1995) (noting difference between action for personal injury and wrongful death arising out of same event).

[9] 46 USC § 761 (a).

[10] 46 USC § 762 (a).

[11] Absent any overlap with state territorial waters, see *Blome v. Aerospatiale Helicopter Corp.*, 924 FSupp. 805, 812 (S.D. Tex. 1996), "DOHSA applies where the wrongful act occurred 'beyond a marine league from the shore of any state,' 46 USC § 761, that is, 3 miles from shore, measured in nautical miles, or approximately 3.45 statute miles." (Citations omitted.) *Chute v. United States*, 466 FSupp. 61, 63 (I) (D. Mass. 1978).

Supreme Court. In *Offshore Logistics v. Tallentire*,[12] the Court considered whether Section 7 of DOHSA[13] preserved plaintiff's nonpecuniary damages for loss of consortium, service, and society under a Louisiana wrongful death statute.[14] The Court held that Section 7 was in the nature of a "jurisdictional savings clause" allowing continued concurrent federal and state jurisdiction over deaths on the high seas, but state law substantive provisions would not "extend as a conduct-governing enactment on the high seas if in conflict with DOHSA's provisions."[15] Having reached this holding, the Court found that "the conclusion that the state statutes are pre-empted by DOHSA where it applies is inevitable," and that DOHSA did not permit the application of Louisiana law to allow damages for loss of society.[16]

In a footnote, the Court explained that its ruling did not reach state law survival actions, such as the Georgia law actions at issue here.

> DOHSA does not include a survival provision authorizing recovery for pain and suffering before death. We do not address the issue whether the DOHSA recovery for the beneficiaries' pecuniary loss may be "supplemented" by a recovery for the decedent's pain and suffering before death under the survival provision of some conceivably applicable state statute that is intended to apply on the high seas.[17]

Although the question of whether a state law survival action may supplement DOHSA was left open in *Offshore Logistics*, that question was effectively answered by the Court in *Dooley v. Korean Air Lines Co.*[18] In *Dooley*, the Court held that relatives of the deceased could not recover for the deceased's pre-death pain and suffering in a case where DOHSA also applied.[19] Because the survival action at issue in *Dooley* was asserted under principles of general maritime law,[20] *Dooley* does not directly address the issue of survival actions based on state law. However, a fair reading of the Court's opinion shows that its reasoning would also apply to state law survival actions:

---

[12] 477 U. S. 207 (106 SC 2485, 91 LE2d 174) (1986).

[13] "The provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this Act." 46 USC § 767.

[14] 477 U. S. at 220-221.

[15] (Citation and punctuation omitted.) Id. at 223 (IV).

[16] Id. at 211, 232 (IV).

[17] (Citations omitted.) Id. at 215, n. 1.

[18] Supra.

[19] Id. at 124.

[20] Id. at 120.

By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the exclusive recovery for deaths that occur on the high seas. Petitioners concede that their proposed survival action would necessarily expand the class of beneficiaries in cases of death on the high seas by permitting decedents' estates (and their various beneficiaries) to recover compensation. They further concede that their cause of action would expand the recoverable damages for deaths on the high seas by permitting the recovery of non-pecuniary losses, such as pre-death pain and suffering. Because Congress has already decided these issues, it has precluded the judiciary from enlarging either the class of beneficiaries or the recoverable damages. . . .

The comprehensive scope of DOHSA is confirmed by its survival provision, . . . which limits the recovery in such cases to the pecuniary losses suffered by surviving relatives. The Act thus expresses Congress' "considered judgment," on the availability and contours of a survival action in cases of death on the high seas. For this reason, it cannot be contended that DOHSA has no bearing on survival actions; rather, Congress has simply chosen to adopt a more limited survival provision.[21]

Given *Dooley*, the question becomes why the survival actions at issue here should stand while a survival action pursued under general maritime law would not. On this point, we find no reason to distinguish the Georgia law survival actions from general maritime law survival actions. Phouc Thi Kim Vo and Tin Vo argue that the *Dooley* court never decided whether general maritime law ever allows for a survival action.[22] But the relative strength of a general maritime law survival action is a nonissue as the *Dooley* court implicitly assumed a general maritime law action was valid for purposes of its analysis.

Phouc Thi Kim Vo and Tin Vo do little to distinguish *Dooley* other than to argue that it is not controlling. Instead, they contend that state law survival actions in cases where DOHSA also applied were allowed before *Dooley*, and that *Dooley* does not change this precedent. They then claim that the Georgia law survival actions do not

---

[21] (Citations omitted.) Id. at 123-124.
[22] Id. at 124, n. 2.

conflict with the existing federal statutes under basic principles governing the interaction of state and federal regulation.

Phouc Thi Kim Vo and Tin Vo refer us to *Matter of the Adventure Bound Sports*,[23] and *Montgomery v. Goodyear Tire & Rubber Co.*,[24] to show that state law survival actions have been allowed where DOHSA also applied. We acknowledge that, in the absence of *Dooley*, Phouc Thi Kim Vo and Tin Vo would have a legitimate argument for allowing a state law survival action in this case. But *Dooley* does exist and, at least with respect to the Eleventh Circuit Court of Appeals, represents a clear change in the law. In *Gray v. Lockheed Aeronautical Systems Co.*,[25] the Eleventh Circuit, citing precedent allowing state law survival actions to supplement damages under DOHSA,[26] held that the appellees could recover damages for pain and suffering based on general maritime law in conjunction with DOHSA. On remand from the Supreme Court with instructions to reconsider its opinion in light of *Dooley*, the Eleventh Circuit reversed its previous holding.[27]

Inasmuch as the Eleventh Circuit's reversal of *Gray* in light of *Dooley* also involved a survival action under maritime law, the question here is arguably not closed. However, the reversal in *Gray* shows that *Dooley* changed the law,[28] and throws into serious question the applicability of pre-*Dooley* authority holding that state law survival actions may proceed where DOHSA also applies. As to post-*Dooley* authority, our research has identified three cases that specifically address *Dooley*'s effect on state law survival claims. In *Jacobs v. Northern King Shipping Co.*,[29] the Fifth Circuit Court of Appeals held that "DOHSA is Appellee's exclusive remedy for Jacobs' death, and she cannot look to state law to support a recovery for Jacobs' pre-death pain and suffering." The Court of Appeal of California reached a similar conclusion in *Garofalo v. Princess Cruises*,[30] as did the Court of Appeal of Louisiana in *Sacks v. Quiros*.[31] These decisions rely on *Dooley* in their analysis. On the other hand, we have

---

[23] 858 FSupp. 1192, 1211 (S.D. Ga. 1994).

[24] 231 FSupp. 447, 452 (S.D. N.Y. 1964).

[25] 125 F3d 1371 (11th Cir. 1997).

[26] Id. at 1385-1386.

[27] *Gray v. Lockheed Aeronautical Systems Co.*, 155 F3d 1343 (11th Cir. 1998).

[28] The Eleventh Circuit concluded that Section 765 of DOHSA was not a survival action provision and so Congress did not intend to preclude survival actions under general maritime law. *Gray*, supra, 125 F3d at 1383. This reasoning is 180 degrees to that of the Supreme Court in *Dooley*, which held that Section 765 of DOHSA *was* a survival provision, and one which limited recovery to the pecuniary losses suffered by the surviving relatives. *Dooley*, supra, 524 U. S. at 124.

[29] 180 F3d 713, 720 (II) (C) (5th Cir. 1999).

[30] 102 Cal. Rptr.2d 754, 763 (Cal. App. 2000).

[31] 789 S2d 719, 720-721 (La. App. 2001).

not identified, nor have Phouc Thi Kim Vo and Tin Vo presented, any post-*Dooley* case law supporting the position that state law survival claims apply where DOHSA is also applicable.

In a more conceptual argument, Phouc Thi Kim Vo and Tin Vo rely on *Cooley v. Bd. of Wardens &c.*[32] for the proposition that Congress's power to legislate does not necessarily deprive the states from legislating in the same area. As a recent and topical example of this principle, they refer us to *Sprietsma v. Mercury Marine*.[33] The issue in *Sprietsma* was whether the Coast Guard's decision not to require boats to have a propeller guard impliedly preempted state law claims based on the absence of that device. The Court, in finding that state law personal injury claims were not prohibited, noted that "a Coast Guard decision not to regulate a particular aspect of boating safety is fully consistent with an intent to preserve state regulatory authority pending the adoption of specific federal standards."[34] Phouc Thi Kim Vo and Tin Vo contend that the Georgia law survival actions are similarly preserved because the actions are not in conflict with and are compatible with DOHSA. We disagree.

While *Sprietsma* and *Cooley* show that state law may continue to apply in areas where there is federal power to act, the Court has also recognized that state law may be implicitly preempted by federal law. As explained in *Sprietsma*:

> We have recognized that a federal statute implicitly over-rides state law either when the scope of a statute indicates that Congress intended federal law to occupy a field exclusively, or when state law is in actual conflict with federal law. We have found implied conflict pre-emption where it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.[35]

The Supreme Court has ruled that DOHSA preempts state law where DOHSA applies.[36] In *Dooley*, the Court held that DOHSA had its own "survival provision" limiting recovery to the pecuniary losses suffered by the surviving relatives.[37] Thus the damages for pain and suffering asserted under the Georgia law survival actions differ from

---

[32] 53 U. S. 299 (13 LE 996) (1852).

[33] 537 U. S. 51 (123 SC 518, 154 LE2d 466) (2002).

[34] Id. at 65 (IV).

[35] (Citations and punctuation omitted.) Id. at 64 (IV).

[36] *Offshore Logistics*, supra, 477 U. S. at 232.

[37] 524 U. S. at 124. See 46 USC § 765.

the damages allowed by DOHSA's survival provision, as interpreted by *Dooley*. And given that DOHSA has its own survival provision, the Georgia law survival actions cannot be seen as filling a gap left by federal law.

> There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted. In the area covered by the statute, it would be no more appropriate to prescribe a different measure of damages than to prescribe a different statute of limitations, or a different class of beneficiaries.[38]

In view of the foregoing, a Georgia law survival action where DOHSA also applies conflicts with the applicable federal law. We recognize that our holding might have been different had the law not changed. In light of the change, however, it is clear that Phouc Thi Kim Vo's and Tin Vo's state law claims for the injuries and the pain and suffering of the deceased are preempted by DOHSA. The judgments of the trial court must be affirmed.

*Judgments affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED APRIL 28, 2004 —
RECONSIDERATION DENIED JUNE 10, 2004 — ▮▮▮▮▮▮

*Wiseman, Blackburn & Futrell, James B. Blackburn, Jr., Patrick F. Roughen, Jr.*, for appellants.

*Barrow & Ballew, Joseph H. Barrow, Brennan, Harris & Rominger, G. Mason White, Brennan & Wasden, Wiley A. Wasden III, Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Michael Carestia, Barrow & Sims, R. Stephen Sims*, for appellees.

---

[38] *Mobil Oil Corp. v. Higginbotham*, 436 U. S. 618, 625 (II) (98 SC 2010, 56 LE2d 581) (1978).