# Court of Appeals
# of the State of Georgia

ATLANTA,  September 23, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1449. SCHKLAR & HEIM, LLC v. JENACOVA et al.

The above-styled appeal arises from the appellant's efforts to collect a judgment it obtained against Michael Jenacova, one of the appellees. Specifically, the appellant sought equitable relief that would allow it to garnish a portion of the funds in an individual retirement account ("IRA") Jenacova inherited from his mother, but remains in her name. The trial court denied the requested relief.

As a general matter, under OCGA § 18-4-6, IRAs are exempt from the garnishment process,[1] but the trial court (and the parties) agreed that there is no Georgia precedent as to whether *inherited* IRAs can be garnished. On appeal, the parties have briefed that issue extensively,[2] but it is unclear from the trial court's order if the court ruled upon it. And of course, "[i]ssues which have not been ruled on by the trial court may not be raised on appeal."[3] In its order, the court did not expressly

---

[1] *See* OCGA § 18-4-6 (a) (2) ("Funds or benefits from an individual retirement account or from a pension or retirement program shall be exempt from the process of garnishment until paid or otherwise distributed to a member of such program or beneficiary thereof. Such funds or benefits, when paid or otherwise distributed to such member or beneficiary, shall be exempt from the process of garnishment . . . .").

[2] Jenacova did not file an appellee brief, but the other appellee, T. Rowe Price Services, Inc., did.

[3] *Ga. Dep't of Nat. Res. v. Coweta Cnty.*, 261 Ga. 484, 485 (405 SE2d 470) (1991); *see Pneumo Abex v. Long*, 357 Ga. App. 17, 29 (2) (849 SE2d 746) (2020) ("As we have repeatedly explained, this is a Court for the correction of errors of law, and

rule upon the question of whether an inherited IRA can be garnished. Instead, it stated that it was an issue of first impression in Georgia and then summarily concluded that "awarding the *extreme relief* sought under the *circumstances* as they exist in this case would be an improper exercise of [its] equitable powers."[4]

In sum, it is unclear whether the trial court ruled on the substantive issue of whether inherited IRAs can be garnished in Georgia; it merely concluded that, regardless, granting such relief was so extreme that it was beyond the court's equitable powers; or both. Under these circumstances, this Court cannot determine whether the issues raised in this appeal have been ruled upon by the trial court. Thus, we remand this case to the trial court for further clarification.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__09/23/2024_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

if the trial court has not ruled on an issue, we will not address it. Indeed, without a ruling by the trial court on a particular issue, there is nothing for this Court to review upon appeal." (punctuation omitted)) *Pyle v. City of Cedartown*, 240 Ga. App. 445, 448 (3) (524 SE2d 7) (1999) (declining to reach issues that were not ruled on below).

    [4] (Emphasis supplied).