# DOOLEY, PERSONAL REPRESENTATIVE OF THE ESTATE OF CHUAPOCO, ET AL. v. KOREAN AIR LINES CO., LTD.

No. 97–704.   Argued April 27, 1998—Decided June 8, 1998

THOMAS, J., delivered the opinion for a unanimous Court.

*Juanita M. Madole* argued the cause and filed briefs for petitioners.

*Andrew J. Harakas* argued the cause for respondent. With him on the brief was *George N. Tompkins, Jr.*

*Jeffrey P. Minear* argued the cause for the United States as *amicus curiae* urging affirmance. On the brief were *Solicitor General Waxman, Assistant Attorney General Hunger, Deputy Solicitor General Kneedler, David C. Frederick, Barbara B. O'Malley,* and *Bruce G. Forrest.*

Justice Thomas delivered the opinion of the Court.

In a case of death on the high seas, the Death on the High Seas Act, 46 U. S. C. App. § 761 *et seq.,* allows certain relatives of the decedent to sue for their pecuniary losses, but does not authorize recovery for the decedent's pre-death pain and suffering. This case presents the question whether those relatives may nevertheless recover such damages through a survival action under general maritime law. We hold that they may not.

## I

On September 1, 1983, Korean Air Lines Flight KE007, en route from Anchorage, Alaska, to Seoul, South Korea, strayed into the airspace of the former Soviet Union and was shot down over the Sea of Japan. All 269 people on board were killed.

Petitioners, the personal representatives of three of the passengers, brought lawsuits against respondent Korean Air Lines Co., Ltd. (KAL), in the United States District Court for the District of Columbia. These cases were consolidated in that court, along with the other federal actions arising out of the crash. After trial, a jury found that KAL had committed "willful misconduct," thus removing the Warsaw Convention's $75,000 cap on damages, and in a subsequent verdict awarded $50 million in punitive damages. The Court of Appeals for the District of Columbia Circuit upheld the finding of willful misconduct, but vacated the punitive damages award on the ground that the Warsaw Convention does not permit the recovery of punitive damages. *In re Korean Air Lines Disaster of Sept. 1, 1983,* 932 F. 2d 1475, cert. denied, 502 U. S. 994 (1991).

The Judicial Panel on Multidistrict Litigation thereafter remanded, for damages trials, all of the individual cases to the District Courts in which they had been filed. In petitioners' cases, KAL moved for a pretrial determination that the Death on the High Seas Act (DOHSA or Act), 46 U. S. C.

App. § 761 *et seq.,* provides the exclusive source of recoverable damages. DOHSA provides, in relevant part:

> "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative . . . ." § 761.

> "The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought . . . ." § 762.

KAL argued that, in a case of death on the high seas, DOHSA provides the exclusive cause of action and does not permit damages for loss of society, survivors' grief, and decedents' pre-death pain and suffering. The District Court for the District of Columbia disagreed, holding that because petitioners' claims were brought pursuant to the Warsaw Convention, DOHSA could not limit the recoverable damages. The court determined that Article 17 of the Warsaw Convention "allows for the recovery of all 'damages sustained,'" meaning any "actual harm" that any party "experienced" as a result of the crash. App. 59.

While petitioners' cases were awaiting damages trials, we reached a different conclusion in *Zicherman* v. *Korean Air Lines Co.,* 516 U. S. 217 (1996), another case arising out of the downing of Flight KE007. In *Zicherman,* we held that the Warsaw Convention "permit[s] compensation only for legally cognizable harm, but leave[s] the specification of what harm is legally cognizable to the domestic law applicable under the forum's choice-of-law rules," and that where "an

airplane crash occurs on the high seas, DOHSA supplies the substantive United States law." *Id.*, at 231. Accordingly, the petitioners could not recover damages for loss of society: "[W]here DOHSA applies, neither state law, see *Offshore Logistics, Inc.* v. *Tallentire*, 477 U. S. 207, 232–233 (1986), nor general maritime law, see *Mobil Oil Corp.* v. *Higginbotham*, 436 U. S. 618, 625–626 (1978), can provide a basis for recovery of loss-of-society damages." *Id.*, at 230. We did not decide, however, whether the petitioners in *Zicherman* could recover for their decedents' pre-death pain and suffering, as KAL had not raised this issue in its petition for certiorari. See *id.*, at 230, n. 4.

After the *Zicherman* decision, KAL again moved to dismiss all of petitioners' claims for nonpecuniary damages. The District Court granted this motion, holding that United States law (not South Korean law) governed these cases; that DOHSA provides the applicable United States law; and that DOHSA does not permit the recovery of nonpecuniary damages—including petitioners' claims for their decedents' pre-death pain and suffering. *In re Korean Air Lines Disaster of Sept. 1, 1983*, 935 F. Supp. 10, 12–15 (1996).

On appeal, petitioners argued that, although DOHSA does not itself permit recovery for a decedent's pre-death pain and suffering, general maritime law provides a survival action that allows a decedent's estate to recover for injuries (including pre-death pain and suffering) suffered by the decedent. The Court of Appeals rejected this argument and affirmed. *In re Korean Air Lines Disaster of Sept. 1, 1983*, 117 F. 3d 1477 (CADC 1997). Assuming, *arguendo*, that there is a survival cause of action under general maritime law, the court held that such an action is unavailable when the death is on the high seas:

> "For deaths on the high seas, Congress decided who may sue and for what. Judge-made general maritime law may not override such congressional judgments, however ancient those judgments may happen to be. Con-

gress made the law and it is up to Congress to change it." *Id.*, at 1481.

We granted certiorari, 522 U. S. 1038 (1998), to resolve a Circuit split concerning the availability of a general maritime survival action in cases of death on the high seas. Compare, *e. g., In re Korean Air Lines Disaster*, 117 F. 3d, at 1481, with *Gray v. Lockheed Aeronautical Systems Co.*, 125 F. 3d 1371, 1385 (CA11 1997).

## II

Before Congress enacted DOHSA in 1920, the general law of admiralty permitted a person injured by tortious conduct to sue for damages, but did not permit an action to be brought when the person was killed by that conduct. See generally R. Hughes, Handbook of Admiralty Law 222–223 (2d ed. 1920). This rule stemmed from the theory that a right of action was personal to the victim and thus expired when the victim died. Accordingly, in the absence of an Act of Congress or state statute providing a right of action, a suit in admiralty could not be maintained in the courts of the United States to recover damages for a person's death. See *The Harrisburg*, 119 U. S. 199, 213 (1886); *The Alaska*, 130 U. S. 201, 209 (1889).[1]

Congress passed such a statute, and thus authorized recovery for deaths on the high seas, with its enactment of DOHSA. DOHSA provides a cause of action for "the death of a person . . . caused by wrongful act, neglect, or default occurring on the high seas," § 761; this action must be brought by the decedent's personal representative "for the exclusive benefit of the decedent's wife, husband, parent,

---

[1] We later rejected this rule in *Moragne v. States Marine Lines, Inc.*, 398 U. S. 375, 408–409 (1970), by overruling *The Harrisburg*, 119 U. S. 199 (1886), and holding that a federal remedy for wrongful death exists under general maritime law. In *Sea-Land Services, Inc. v. Gaudet*, 414 U. S. 573, 574 (1974), we further held that such wrongful-death awards could include compensation for loss of support and services and for loss of society.

child, or dependent relative," *ibid.* The Act limits recovery in such a suit to "a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is sought." § 762. DOHSA also includes a limited survival provision: In situations in which a person injured on the high seas sues for his injuries and then dies prior to completion of the suit, "the personal representative of the decedent may be substituted as a party and the suit may proceed as a suit under this chapter for the recovery of the compensation provided in section 762." § 765. Other sections establish a limitations period, § 763a, govern actions under foreign law, § 764, bar contributory negligence as a complete defense, § 766, exempt the Great Lakes, navigable waters in the Panama Canal Zone, and state territorial waters from the Act's coverage, § 767, and preserve certain state-law remedies and state-court jurisdiction, *ibid.* DOHSA does not authorize recovery for the decedent's own losses, nor does it allow damages for nonpecuniary losses.

In *Mobil Oil Corp.* v. *Higginbotham,* 436 U. S. 618 (1978), we considered whether, in a case of death on the high seas, a decedent's survivors could recover damages under general maritime law for their loss of society. We held that they could not, and thus limited to territorial waters those cases in which we had permitted loss of society damages under general maritime law. *Id.,* at 622–624; see n. 1, *supra.* For deaths on the high seas, DOHSA "announces Congress' considered judgment on such issues as the beneficiaries, the limitations period, contributory negligence, survival, and damages." 436 U. S., at 625. We thus noted that while we could "fil[l] a gap left by Congress' silence," we were not free to "rewrit[e] rules that Congress has affirmatively and specifically enacted." *Ibid.* Because "Congress ha[d] struck the balance for us" in DOHSA by limiting the available recovery to pecuniary losses suffered by surviving relatives, *id.,* at 623, we had "no authority to substitute our views for those expressed by Congress," *id.,* at 626. *Hig-*

*ginbotham,* however, involved only the scope of the remedies available in a wrongful-death action, and thus did not address the availability of other causes of action.

Conceding that DOHSA does not authorize recovery for a decedent's pre-death pain and suffering, petitioners seek to recover such damages through a general maritime survival action. Petitioners argue that general maritime law recognizes a survival action, which permits a decedent's estate to recover damages that the decedent would have been able to recover but for his death, including pre-death pain and suffering. And, they contend, because DOHSA is a wrongful-death statute—giving surviving relatives a cause of action for losses *they* suffered as a result of the decedent's death—it has no bearing on the availability of a survival action.

We disagree. DOHSA expresses Congress' judgment that there should be no such cause of action in cases of death on the high seas. By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the exclusive recovery for deaths that occur on the high seas. Petitioners concede that their proposed survival action would necessarily expand the class of beneficiaries in cases of death on the high seas by permitting decedents' estates (and their various beneficiaries) to recover compensation. They further concede that their cause of action would expand the recoverable damages for deaths on the high seas by permitting the recovery of nonpecuniary losses, such as pre-death pain and suffering. Because Congress has already decided these issues, it has precluded the judiciary from enlarging either the class of beneficiaries or the recoverable damages. As we noted in *Higginbotham,* "Congress did not limit DOHSA beneficiaries to recovery of their pecuniary losses in order to encourage the creation of nonpecuniary supplements." *Id.,* at 625.

The comprehensive scope of DOHSA is confirmed by its survival provision, see *supra*, at 122, which limits the recovery in such cases to the pecuniary losses suffered by surviving relatives. The Act thus expresses Congress' "considered judgment," *Mobil Oil Corp.* v. *Higginbotham, supra*, at 625, on the availability and contours of a survival action in cases of death on the high seas. For this reason, it cannot be contended that DOHSA has no bearing on survival actions; rather, Congress has simply chosen to adopt a more limited survival provision. Indeed, Congress did so in the same year that it incorporated into the Jones Act, which permits seamen injured in the course of their employment to recover damages for their injuries, a survival action similar to the one petitioners seek here. See Act of June 5, 1920, § 33, 41 Stat. 1007 (incorporating survival action of the Federal Employers' Liability Act, 45 U. S. C. § 59). Even in the exercise of our admiralty jurisdiction, we will not upset the balance struck by Congress by authorizing a cause of action with which Congress was certainly familiar but nonetheless declined to adopt.

In sum, Congress has spoken on the availability of a survival action, the losses to be recovered, and the beneficiaries, in cases of death on the high seas. Because Congress has chosen not to authorize a survival action for a decedent's pre-death pain and suffering, there can be no general maritime survival action for such damages.[2] The judgment of the Court of Appeals is

*Affirmed.*

---

[2] Accordingly, we need not decide whether general maritime law *ever* provides a survival action.