1PATRICK M. SCHOTT, Judge, Pro Tempore.
This is a wrongful death and survival action by the parents of David Adam, Jr., who was killed in a diving accident in the Gulf of Mexico about 15 miles from the Louisiana shore. Defendants filed the dilatory exception of lack of procedural capacity, arguing that the Death on the High Seas Act (DOHSA), 46 U.S.C. 761 et seq., provided the exclusive remedy for damages, authorized recovery of pecuniary damages only, and provided that the personal representative of the decedent alone could maintain the suit. The trial court overruled the exception. We grant certio-rari to review that ruling and reverse.
The threshold inquiry is whether DOHSA necessarily applies under the circumstances of this case even though the death occurred on the high seas beyond a marine league from the Louisiana shore. Plaintiffs argue that, for the |¡.Act to apply, the court must find not only that the accident occurred on the high seas but also that the accident has a nexus to traditional marine activity. They assert the latter condition does not apply because plaintiff was engaged in sports diving when he was killed. Plaintiffs’ claim support for this argument in Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), and they cite several federal district court cases from around the country in support of their argument.
Executive Jet did not involve a DOSHA claim. In that case, the airplane went down in Lake Erie and plaintiff was attempting to bring his case under the admiralty jurisdiction of the federal court. A reading of later cases, such as Dooley v. Korean Air Lines Co., Ltd., 524 U.S. 116, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998) and Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986), convinces us that DOHSA was intended to provide a uniform system of recovery for deaths that occur on the high seas as a result of negligence irrespective of the connection between the death and traditional maritime activity. Our conclusion in this regard is buttressed by Motts v. M/V Greenwave, 210 F.3d 565 (5th Cir.2000), which we find to be persuasive.
Plaintiffs also argue that the negligence attributed to defendants in their allegations, such as negligent training, occurred on shore and precluded jurisdiction under the DOHSA, even though the death occurred on the high seas. Considering the language of the Act and the discussions in the cited cases, we are convinced that this argument is without merit.
 Having concluded that DOHSA applies to this case, we readily conclude from the Offshore Logistics case, supra, that the Act does not permit the application of state wrongful death remedies. Thus, the only question remaining is whether the Act also preempts a survival action under state law. Palischak v. Allied Signal Aerospace Co., 893 F.Supp. 341 (D.N.J.1995) contains an excellent discussion of the issues we have already addressed and also considered the question of whether a state survival action can be asserted along |3with a DOHSA claim. That court reluctantly answered the question in the affirmative because of the prevailing jurisprudence in the United States *721 Third Circuit while clearly disagreeing with that jurisprudence. H'owéver, the Palischak case and the Third Circuit cases alluded to therein came before the Dooley case. There, the Supreme Court held that DOHSA does not permit recovery of damages which would otherwise be available under a general maritime survival action. This clearly leads to the conclusion that DOSHA precludes state survival actions, as well as state wrongful death actions. To hold otherwise would contradict the notion that Congress intended with the passage of the DOHSA to insure uniformity of recovery for all claims arising out of death occurring on the high seas because of negligence.
Accordingly, the judgment of the trial court overruling the dilatory exception of lack of procedural capacity is reversed and the exception is sustained. The ease is remanded to the trial court to order substitution of the personal representative of the decedent for plaintiffs pursuant to LSA-C.C.P. art. 933 and for the application of the Death on the High Seas Act with recovery limited to pecuniary losses. All costs of these proceedings are assessed against plaintiffs.

REVERSED AND REMANDED.