OPINION
{¶ 1} On February 16, 2005, the Muskingum County Grand Jury indicted appellant, Bryan Beckert, on one count of escape in violation of R.C. 2921.34. On May 27, 2005, appellant pled guilty as charged. By entry filed July 13, 2005, the trial court sentenced appellant to three years in prison.
 {¶ 2} On October 11, 2005, appellant filed a petition for postconviction relief challenging his sentence, citing in supportBlakely v. Washington (2004), 542 U.S. 296. By decision filed February 22, 2006, the trial court denied the petition.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE FINDING USED BY THE TRIAL COURT TO SENTENCE ME TO ANON-MINIMUM SENTENCE; `A MINIMUM SENTENCE WOULD DEMEAN THE SERIOUSNESS OF THE OFFENSE, AND WOULD NOT ADEQUATELY PROTECT SOCIETY' WAS NOT SUBMITTED TO A JURY, NOR WAS IT CONTAINED IN MY INDICTMENT, AND I DID NOT WAIVE MY RIGHT UNDER THE SIXTH AMENDMENT TO HAVE THAT JUDICIAL FINDING DETERMINED BY A JURY.BLAKELY V. WASHINGTON (2004) 124 S. Ct. 2531."
 II {¶ 5} "THE MUSKINGUM COUNTY COMMON PLEAS COURT OVER SENTENCED DEFENDANT-APPELLANT; `A FIRST TIME OFFENDER' WHO WAS ENTITLED UNDER THE FOURTEENTH AMENDMENT TO THE SHORTEST PRISON TERM AVAILABLE FOR THE OFFENSE FOR WHICH DEFENDANT-APPELLANT WAS CONVICTED. OHIO REVISED CODE 2929.14(B)."
 III {¶ 6} "DEFENDANT-APPELLANT'S SENTENCE IS CONSTITUTIONALLY INVALID AND REQUEST THAT HE BE RESENTENCED IN ACCORDANCE WITH THE RULE IN BLAKELY V. WASHINGTON (2004), 524 U.S.,124 S.CT. 2531."
 IV {¶ 7} "THE MUSKINGUM COUNTY COMMON PLEAS COURT FAILED TO SENTENCE DEFENDANT-APPELLANT ACCORDING TO THE RULE HELD INBLAKELY V. WASHINGTON (2004) 124 S.CT. 2531, THATS SUPPORTED BY THE RECENT DECISION IN STATE V. FOSTER, OHIO ST. 3D,2006-OHIO-856."
 I, II, III, IV {¶ 8} Appellant claims his sentence violates the dictates ofBlakely v. Washington (2004), 542 U.S. 296, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 9} This matter involves a denial of a petition for postconviction relief, not a direct appeal. As a result, it is not subject to the resentencing remand of Foster:
 {¶ 10} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Booker,543 U.S. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v.Kentucky, 479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ('A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final')." Foster, at ¶ 106.
 {¶ 11} In addition, appellant never filed a direct appeal. The sentencing issue herein was clearly available on direct appeal and therefore res judicata applies. As stated by the Supreme Court of Ohio in State v. Perry (1967),10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The Perry court explained the doctrine at 180-181 as follows:
 {¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
 {¶ 13} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.