**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2359**

OLIVIA RUX, individually and as next friend for I.M.O., a minor; JAMIE OWENS, individually and as next friend for I.M.O., a minor; SHARLA COSTELOW, individually and as next friend for E.C. and B.C., minors; NOVELLA WIGGINS, individually and as next friend for J.R.M., Jr., a minor; LORRIE D. TRIPLETT, individually and as next friend for Andrea Triplett and Savannah Triplett; JENNIFER CLODFELTER, individually and as next friend for Noah Clodfelter; KENYON EMBRY, individually and as next friend for Capri Dumar; RONALD W. FRANCIS; JACQUELINE SAUNDERS, individually and as next friend for I.S. and J.S., minors; SANDRA FRANCIS; ROGELO SANTIAGO; SIMEONA SANTIAGO; SARAH GUANA ESQUIVEL; JESSE NIETO; THOMAS WIBBERLY; PATRICIA WIBBERLY; THEODIS TRIPLETT; WAYNE TRIPLETT; REED TRIPLETT; GARY SWENCHONIS, SR.; DEBORAH SWENCHONIS; SHALALA SWENCHONIS; KATE BROWN; SEAN WALSH; KEVIN ROY; LOU GUNN; MONA GUNN; JAMAL GUNN; JASON GUNN; ANTON J. GUNN; LEROY PARLETT; ETTA PARLETT, individually and as next friend for H.P., a minor; KERA MILLER; MATTHEW PARLETT; JOHN CLODFELTER; GLORIA CLODFELTER; JOSEPH CLODFELTER; TONI WIBBERLY; DIANE MCDANIELS; TERESA SMITH; GEORGE COSTELOW; DOROTHY COSTELOW; FREDERICA MCDANIELS-BESS; DAVID FRANCIS; KEVIN TRIPLETT; FREDDIE TRIPLETT; SAVANNAH TRIPLETT,

                Plaintiffs – Appellants,

     v.

REPUBLIC OF THE SUDAN,

                Defendant – Appellee,

UNITED STATES OF AMERICA,

                Intervenor.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Robert G. Doumar, Senior District Judge.  (2:04-cv-00428-RGD-TEM)

Argued:  October 26, 2010                 Decided:  February 3, 2011

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished order. Judge Duncan directed entry of the order with the concurrences of Judge Agee and Judge Davis.

**ARGUED:** Andrew C. Hall, HALL, LAMB & HALL, PA, Miami, Florida, for Appellants.   Lewis Yelin, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Intervenor. **ON BRIEF:** James D. Cooper-Hill, Rockport, Texas; Nelson M. Jones, III, Houston, Texas; Roarke Maxwell, HALL, LAMB & HALL, PA, Miami, Florida; Timothy P. Sceviour, ABRONS, FASANARO & SCEVIOUR, Norfolk, Virginia, for Appellants.   Tony West, Assistant Attorney General, Douglas N. Letter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Neil H. MacBride, United States Attorney, Alexandria, Virginia, for Intervenor.

---

ORDER

---

This appeal arises from the district court's denial of Appellants' motion for leave to supplement their complaint in an action brought against the Republic of Sudan ("Sudan") by relatives of the American sailors killed in the October 2000 terrorist bombing of the U.S.S. Cole. On November 3, 2010, we issued an Order for Supplemental Briefing directing parties to address whether any of the issues pending before this Court on appeal are rendered moot by the Appellants' filing of a new, related action pursuant to 28 U.S.C. § 1605A in the Eastern District of Virginia. Having reviewed those submissions, we find that Appellants' constitutional challenge to § 1083(c)(2) of the National Defense Authorization Act ("NDAA") for Fiscal Year 2008, Pub. L. No. 110-181, 122 Stat. 3, 342-43, Section 1083(a)(1) (codified at 28 U.S.C. § 1605A (Supp. II 2008)), is no longer viable given the filing of their new action. Further, in light of Appellants' argument that their state common law claims have been preempted, we affirm the district court's dismissal of those claims.

I.

A.

The facts giving rise to this action are set forth more fully in our previous opinion, Rux v. Republic of Sudan, 461 F.3d 461 (4th Cir. 2006) ("Rux I"). We briefly summarize those facts and the procedural history pertinent to the instant order. This action arises out of the October 12, 2000, bombing of the U.S.S. Cole in the Port of Aden, Yemen. Seventeen U.S. Navy sailors were killed in the attack that day, and fifty-nine surviving family members (Appellants here) brought this action against Sudan to recover for damages resulting from the sailors' deaths. Appellants alleged that the Al Qaeda terrorist organization planned and executed the U.S.S. Cole bombing, and that Sudan provided material support to Al Qaeda in the years leading up to the attack.

After initially defaulting, Sudan appeared and sought dismissal on various grounds, including sovereign immunity. We affirmed the district court's determination that Appellants had alleged sufficient jurisdictional facts to bring their case within the Foreign Sovereign Immunities Act ("FSIA") terrorism exception.[1] Rux I, 461 F.3d at 474. We declined to exercise

_____

[1] Under the FSIA, foreign states are generally immune from civil suits in the United States, and district courts lack subject matter jurisdiction over civil suits against foreign
(Continued)

4

pendent appellate jurisdiction and dismissed the remainder of Sudan's appeal. Id. at 476-77. On remand to the district court, Sudan made its final appearance in this case by informing the court it would "not defend or otherwise participate in this proceeding on the merits." J.A. 60 (quoting letter from Sudan).

Appellants asserted claims under the Death on the High Seas Act ("DOHSA"), state law tort claims, and maritime wrongful death claims. After considering Appellants' evidence, the district court determined that "Sudan's material support to Al Qaeda led to the murders of the seventeen American servicemen and women." J.A. 79; see also 28 U.S.C. § 1608(e) (permitting entry of a default judgment against a foreign state only after "the claimant establishes his claim or right to relief by evidence satisfactory to the court"). Over Appellants' objection, however, the district court found that DOHSA provided

states, unless the suit involves claims coming within an exception to foreign sovereign immunity. See 28 U.S.C. §§ 1330, 1604-07. One such exception was created by 28 U.S.C. § 1605(a)(7), repealed by NDAA § 1083(b)(1)(A)(iii), which stripped a foreign state's immunity from suit in the event of certain acts of state-sponsored terrorism, provided the state had been designated by the Secretary of State as a state sponsor of terrorism. When a state is subject to suit under an exception to immunity, "the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances." Id. § 1606.

5

the exclusive remedy for Appellants' claims.[2] J.A. 96-101. As the district court explained, the Supreme Court has held that

> "[b]y authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the exclusive recovery for deaths that occur on the high seas" and therefore "has precluded the judiciary from enlarging either the class of beneficiaries or the recoverable damages" under DOHSA.

J.A. 98 (quoting Dooley v. Korean Air Lines Co., Ltd., 524 U.S. 116, 123 (1998)). Accordingly, the district court dismissed Appellants' maritime and state law claims on preemption grounds.

On July 25, 2007, the district court entered a final judgment, awarding eligible plaintiffs a total of $7,956,344 plus post-judgment interest, under DOHSA. See Rux v. Republic of Sudan, 495 F. Supp. 2d 541, 567-69 (E.D. Va. 2007) ("Rux II"); see also 46 U.S.C. § 30302 (limiting the class of eligible DOHSA plaintiffs to a "decedent's spouse, parent, child, or dependent relative").

Appellants timely appealed from the district court's dismissal of their maritime and state law claims. While the appeal was pending, Congress amended the FSIA through its

---

[2] DOHSA creates a right of action for death "occurring on the high seas beyond 3 nautical miles from the shore of the United States." 46 U.S.C. § 30302.

passage of the NDAA,[3] which created a new federal right of action for injuries caused by acts of state-sponsored terrorism. See 28 U.S.C. § 1605A. The new right of action created by § 1605A provides for additional remedies not allowed under DOHSA, such as "economic damages, solatium, pain and suffering, and punitive damages." Id. at 1605A(c).

While § 1605A allows plaintiffs to invoke the new right of action with regards to certain "pending" cases, the provision is not automatically retroactive. Kirschenbaum v. Islamic Republic of Iran, 572 F. Supp. 2d 200, 203 n.1 (D.D.C. 2008). Section 1083(c) of the NDAA governs the amendment's retroactive application. Pursuant to § 1083(c)(2) ("Prior Actions"), a plaintiff whose action was pending before the courts when the NDAA became law is given sixty days within which to "refile" his suit based upon the new cause of action, provided he meets all

---

[3] Congress passed the NDAA at least in part to overturn the D.C. Circuit's decision in Cicippio-Puleo v. Islamic Republic of Iran, 353 F.3d 1024 (D.C. Cir. 2004). See 154 Cong. Rec. S44, S55 (daily ed. Jan. 22, 2008) (statement of Sen. Lautenberg). Cicippio-Puleo held that while § 1605(a)(7) created jurisdiction in the federal courts, neither it, nor the Flatow Act, nor the two in conjunction, created a private right of action against a foreign government. 353 F.3d at 1033; see also Foreign Operations, Export Financing, and Related Appropriations Act (the "Flatow Act") of 1997, Pub. L. No. 104-208, § 589, 110 Stat. 3009, 3009-172 (1996) (creating a right of action for terrorism-related injuries against an "official, employee, or agent of a foreign state designated as a state sponsor of terrorism").

the requirements. Under § 1083(c)(3) ("Related Actions"), a plaintiff who had "timely commenced" a "related action" under § 1605(a)(7) may bring a new action "arising out of the same act or incident," provided it is commenced no later than sixty days after either the enactment of the NDAA or the entry of judgment in the original suit. Simon v. Republic of Iraq, 529 F.3d 1187 (D.C. Cir. 2008), rev'd on other grounds sub nom. Republic of Iraq v. Beaty, 129 S. Ct. 2183 (2009) (interpreting new NDAA provisions).

Before reaching the merits of Appellants' claims, this Court granted Appellants' motion to remand the case to the district court for consideration of whether Appellants could rely on the new right of action under § 1605A. See Rux v. Republic of Sudan, No. 07-1835 (4th Cir. order dated July 14, 2009). While the case was before the district court on remand, Appellants filed a motion for leave to supplement their complaint, pursuant to § 1083(c)(2), in order to add claims for non-pecuniary loss under the new right of action. On December 3, 2009, the district court entered an order denying Appellants' motion. Appellants timely appealed the order, which is the subject of the current appeal.

8

Prior to this Court's Order for Supplemental Briefing, Appellants advanced two arguments on appeal.[4]  First, they argued that § 1083(c)(2) of the NDAA violates their equal protection rights.  Appellants conceded that they do not meet the statutory requirements of § 1083(c)(2), "literally applied."  Appellants' Br. at 36.  They nonetheless argued that the requirements set out in § 1083(c)(2) create "an irrational class distinction that impermissibly discriminates against Appellants by precluding them from bringing suit pursuant to § 1605A," thereby "violat[ing] the guarantee of equal protection embodied in the Fifth Amendment."  Appellants' Br. at 37, 39.[5]

Second, Appellants argued that the district court erred in holding that "DOHSA is Plaintiff's exclusive cause of action,"

---

[4]  The issues raised on appeal are relevant to this order only insofar as they inform the Court's analysis of the arguments raised in the parties' subsequently-filed supplemental briefs, which are discussed in Section II.

[5]  Appellants argued that the conversion provision's requirement of prior reliance on the old terrorism exception creates three classes of plaintiffs:  (1) plaintiffs who have not filed an action under the prior terrorism exception; (2) plaintiffs who filed an action under the prior terrorism exception and relied on the exception as creating a right of action, before the D.C. Circuit held in Cicippio-Puleo that the old exception did not provide a right of action; and (3) plaintiffs who filed an action under the prior terrorism exception after Cicippio-Puleo and who did not rely on the exception for their right of action.  Appellants placed themselves in the third class.

J.A. 254, preempting their state law claims. They contended that DOHSA does not prevent them from bringing state law tort claims for their own non-pecuniary injuries caused by the wrongful death of their family members.

Although Sudan has chosen to no longer defend or otherwise participate in this action, Appellants were not unopposed on appeal. The government, as intervenor-appellee under 28 U.S.C. § 2403 and as amicus curiae under 28 U.S.C. § 517 and Federal Rule of Appellate Procedure 29(a), filed an appellate brief defending the constitutionality of § 1083, as well as the district court's ruling that DOHSA provides Appellants' exclusive remedy, foreclosing any state law claims.

After the government filed its brief with the court, but before oral argument, Appellants filed a new, related action against Sudan under 28 U.S.C. § 1605A(c). See Kumar v. The Republic of Sudan, No. 10-cv-171 (E.D. Va. filed Apr. 15, 2010). The new action was brought by the same fifty-nine plaintiffs who are named in the case sub judice (plus two additional plaintiffs, Avinesh Kumar and Hugh Palmer, who are not parties to the action before this court). See Transcript of Record at 4, Kumar v. Republic of Sudan, No. 10-cv-171 (E.D. Va. Sept. 9, 2010) (No. 25). Additionally, the new action "seek[s] equivalent relief." Appellants' Supp. Br. at 13. However, in their new action, Appellants do not rely on the conversion

10

provision of § 1083(c)(2). In fact, Appellants expressly disavow any reliance on § 1083(c)(2) as a basis for their suit. See Plaintiffs' Br. in Response to the Court's Order Dated August 3, 2010 at 9, 10, Kumar, No. 2:10cv171 (E.D. Va. Aug. 23, 2010), ECF No. 21 (asserting that they relied directly on 28 U.S.C. § 1605A to file their claim and did not seek "to have an earlier action deemed to be filed under 28 U.S.C. § 1605A pursuant to NDAA § 1083(c)[(2)](A)").[6]

The case sub judice was argued on October 26, 2010. At argument, the government suggested that this appeal may be moot as a result of Appellants' new action. We ordered supplemental briefing on the issue of mootness, directing the parties to address "whether any or all of the issues pending before this Court are rendered moot by the appellants' filing of [Kumar v. Republic of Sudan] pursuant to 28 U.S.C. § 1605A." Order, No. 09-2359 (Nov. 3, 2010), ECF No. 38.

II.

Appellants maintain in their supplemental brief that their constitutional challenge to § 1083(c)(2) continues to present a

---

[6] The District Court directed Plaintiffs to advise this Court of the new action and to provide this Court with the transcript of the August 24, 2010 hearing related to issues raised in the District Court's briefing order.

live controversy.  They also argue, for the first time, that their state common law claims have been preempted by § 1605A. Proceeding from that assumption, Appellants reason that the preemption of their state law claims moots their appeal from the district court's dismissal of those claims, and that we are therefore without jurisdiction to entertain them.  Moreover, they argue "the district court's opinion is manifestly incorrect" and should be vacated.  Appellants' Supp. Br. at 15. Appellants' position is untenable on all counts.

Appellants' constitutional claim is premised on the contention that § 1083(c)(2)'s requirements for conversion violate Appellants' equal protection rights "by precluding them from seeking relief pursuant to § 1605A."  Appellants' Br. at 37.  Appellants now insist in their new, related action, that they need not rely on § 1083(c)(2) to seek relief pursuant to § 1605A, because they have a valid claim, irrespective of § 1083(c)(2), which they have brought directly under § 1605A.

Although parties are free to make arguments in the alternative, here Appellants have effectively renounced their earlier position in a manner that requires us to entertain an abstract legal question.  See Md. Highways Contractors Ass'n, Inc. v. Maryland, 933 F.2d 1246, 1249 (4th Cir. 1991) ("A case is moot when it has lost its character as a present, live controversy of the kind that must exist if we are to avoid

12

advisory opinions on abstract propositions of law." (internal quotations omitted)). This is not a traditional case of mootness, abandonment, or waiver.[7] Its distinctiveness stems from Appellants' unusual decision to initiate a suit anchored in an expressly contrary position while this matter was pending on appeal. By bringing a new action which they previously claimed was precluded by § 1083(c)(2), and expressly disclaiming reliance on this provision, Appellants have, in effect, caused the mootness of their constitutional challenge to that provision.[8] See U.S. Bancorp Mort. Co. v. Bonner Mall P'ship, 513 U.S. 18, 24-25 (1994) (dismissing action as moot upon finding that the party seeking review, as opposed to being "frustrated by the vagaries of circumstance," had "caused the mootness by voluntary action"). Appellants' representations before us only reinforce this conclusion. They have explicitly recognized the possibility of mootness when "parties lack a legally cognizable interest" in the appeal of the district

_____

[7] We nevertheless characterize the issue as mootness, for the sake of convenience.

[8] In ruling on this issue, we are proceeding under the assumption that the district court will give full and fair consideration to Appellants' arguments regarding the existence of a live controversy in their new, related action filed directly under § 1605A in Kumar v. The Republic of Sudan, No. 10-cv-171 (E.D. Va. filed Apr. 15, 2010), and will exercise an appropriate measure of restraint with regards to the well-established principle of constitutional avoidance.

court's judgment.  Appellants' Supp. Br. at 5 (quoting <u>United States v. Hardy</u>, 545 F.3d 280, 283 (4th Cir. 2008)).

Appellants argue that if this Court finds that the instant appeal has been rendered moot, the district court's opinion should be vacated.  The relief of vacatur, however, is not a foregone conclusion--it is an equitable remedy informed by whether parties played a role in causing the mootness.  <u>See, e.g.</u>, <u>Valero Terrestrial Corp. v. Paige</u>, 211 F.3d 112, 117-19 (4th Cir. 2000).  Under these circumstances, because Appellants by their voluntary actions have caused the mootness, we do not order vacatur of the district court's judgment in this case.  <u>See</u> <u>Bancorp</u>, 513 U.S. at 24, 26 (observing that whether an opinion should be vacated on the basis of mootness is an equitable question, requiring the court to consider "the nature and character of the conditions which have caused the case to become moot") (internal quotations omitted); <u>see also</u> <u>Tafas v. Kappos</u>, 586 F.3d 1369, 1371 (Fed. Cir. 2009) (denying vacatur of the district court's judgment, because "when a party procures the conditions that lead to a case becoming moot, that party should not be able to obtain an order vacating the lower court decision that was adverse to that party") (citing <u>Bancorp</u>, 513 U.S. at 25); <u>Fleming & Assocs. v. Newby & Tittle</u>, 529 F.3d 631, 638 n.3 (5th Cir. 2008) ("Equitable vacatur generally is only available in cases where the party seeking relief from the

14

judgment below did not cause the mootness by voluntary action."). Instead, we simply dismiss Appellants' claim as moot.

Finally, in light of Appellants' argument that their state law claims have been preempted by § 1605A, we assume, without deciding, the preemption of those claims and thus affirm the district court's dismissal of them.

Accordingly,

IT IS ORDERED THAT:

(1) Appellants' claim related to § 1083(c)(2) of the NDAA be dismissed.

(2) The district court's dismissal of Appellants' state law claims be affirmed.

AFFIRMED IN PART AND<br>DISMISSED IN PART