Present:  All the Justices

JOHN CRANE, INC.

v.  Record No. 101909    OPINION BY JUSTICE DONALD W. LEMONS
                                    September 14, 2012

MARGARET DIANE HARDICK, EXECUTOR OF
THE ESTATE OF ROBERT EUGENE HARDICK,
DECEASED, ET AL.

         FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     Aundria D. Foster, Judge

     By order dated May 1, 2012, we granted the appellees'

petition for rehearing, in which they argued that we should

reinstate the jury's $2 million award of damages for Robert

Eugene Hardick's ("Hardick") pre-death pain and suffering, an

award we vacated in accordance with our March 2, 2012 opinion

in this matter.  For the reasons that follow, we now reinstate

that award.  Our prior opinion in this case is modified

accordingly.[1]

     This rehearing arises out of the same facts and

proceedings as those recited in our March 2, 2012 opinion in

this matter.  See John Crane, Inc. v. Hardick, 283 Va. 358,

361-66, 722 S.E.2d 610, 611-14 (2012).  Accordingly, it is

---

     [1] Upon rehearing, we considered whether the first
assignment of error asserted by John Crane, Inc. ("JCI") was
sufficient to challenge the award of damages for Hardick's pain
and suffering.  Upon thorough review of the manner in which
this case was tried, we conclude that JCI's first assignment of
error is sufficient under Rule 5:17(c).

unnecessary to repeat a recitation of the rather lengthy facts and proceedings here.

It is important to note, however, that Hardick and his wife, Margaret Diane Hardick, filed suit under general maritime law against JCI and others seeking $20 million in compensatory damages and $5 million in punitive damages. The Hardicks' complaint alleged that Hardick was exposed to asbestos dust, fibers, and particles contained in products manufactured by JCI, and that he contracted mesothelioma as a result of such exposure. Hardick died prior to trial, and his action was revived in the names of Margaret Diane Hardick, in her capacity as executor of Hardick's estate, and Jennifer W. Vincent, whose surname was later changed to Stevens, as "Ancillary Administrator C.T.A." of Hardick's estate (together, "Mrs. Hardick"). Mrs. Hardick was granted leave to file a second and, thereafter, a third amended complaint, both of which included causes of action for the wrongful death of Hardick.

Mrs. Hardick settled or nonsuited the claims against all defendants except JCI and proceeded against JCI, the sole remaining defendant, on the third amended complaint. Significantly, Mrs. Hardick's third amended complaint included both the revived personal injury survival claims – which sought damages for, among other things, Hardick's pre-death pain and suffering – and Mrs. Hardick's wrongful death claims.

I. Analysis

A. Standard of Review

"It is well-settled that we review questions of law de novo, including those situations where there is a mixed question of law and fact." Napper v. ABM Janitorial Servs., No. 111300, 2012 Va. LEXIS 130, at *7 (Va. June 7, 2012) (quoting Westgate at Williamsburg Condo. Ass'n v. Philip Richardson Co., 270 Va. 566, 574, 621 S.E.2d 114, 118 (2005)) (internal quotation marks omitted).

B. General Maritime Survival Action
for a Decedent Seaman's Pain and Suffering

In Miles v. Apex Marine Corp., 498 U.S. 19, 33 (1990), the United States Supreme Court ("Supreme Court") observed that, "[u]nder traditional maritime law, as under common law, there is no right of survival; a seaman's personal cause of action does not survive the seaman's death." The Supreme Court further observed, however, that "Congress and the States have changed the rule in many instances. The Jones Act, through its incorporation of [the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-59 (1908)], provides that a seaman's right of action for injuries due to negligence survives to the seaman's personal representative. [See 45 U.S.C. § 59; 46 U.S.C. § 30104 (2006)]." Id. (emphasis added). The Supreme Court also observed that "[t]he Jones Act incorporates FELA's

3

survival provision, but, as in most States, recovery is limited to losses suffered during the decedent's lifetime." Id. at 35.

Significantly, for the purposes of this case, in deciding whether an estate can recover particular damages "in a general maritime action surviving the death of a seaman," the Supreme Court looked to the Jones Act for guidance even though the decedent seaman's estate was not seeking recovery for such damages under the Jones Act. Id. at 33 (emphasis added). The Supreme Court stated:

> Maritime tort law is now dominated by federal statute, and we are not free to expand remedies at will simply because it might work to the benefit of seamen and those dependent upon them. Congress has placed limits on recovery in survival actions that we cannot exceed. Because this case involves the death of a seaman, we must look to the Jones Act.
>
> The Jones Act/FELA survival provision limits recovery to losses suffered during the decedent's lifetime. See 45 U.S.C. § 59[; 46 U.S.C. § 30104]. This was the established rule under FELA when Congress passed the Jones Act, incorporating FELA, and it is the rule under the Jones Act.

Id. at 36 (citations omitted) (emphasis added). Accordingly, the Supreme Court held in Miles that, because the Jones Act survival provision "limits recovery to losses suffered during the decedent's lifetime," a similar limitation should apply under general maritime law. Id. Similarly, "[b]ecause this

4

case involves the death of a seaman," as was the case in Miles, "we must look to the Jones Act."  Id.

Accordingly, we hold that, while the recovery of nonpecuniary damages is not permitted in actions for the wrongful death of a seaman, "whether under [the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30301 et seq. (2006 & Supp. III 2010)], the Jones Act, or general maritime law," id. at 33, such damages may be recovered in a general maritime survival action, provided they represent damages suffered during the decedent seaman's lifetime – as the award of damages for Hardick's pre-death pain and suffering does in this case. See id. at 33-36.

JCI argues that the Supreme Court's decision in Dooley v. Korean Air Lines Co., 524 U.S. 116 (1998), forecloses Mrs. Hardick's survival action for Hardick's pre-death pain and suffering, and that DOHSA[2] governs the outcome of this case because Hardick's mesothelioma was the result of his cumulative asbestos exposures during his service in the Navy, both in territorial waters and on the high seas, and that mesothelioma is an indivisible disease.  We do not agree that DOHSA applies.

---

[2] DOHSA provides a cause of action for "the death of an individual . . . caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States . . . ."  46 U.S.C. § 30302.

5

In _Dooley_, the Supreme Court considered whether, in cases of death on the high seas, a decedent's relatives may recover damages for the decedent's pre-death pain and suffering through a survival action under general maritime law. 524 U.S. at 118. The Supreme Court concluded that DOHSA precluded the plaintiffs in that case from bringing a survival action for pre-death pain and suffering under general maritime law, reasoning that "Congress provided the exclusive recovery [through DOHSA] for deaths that occur on the high seas." _Id._ at 123-24. The Supreme Court stated:

> DOHSA expresses Congress' judgment that there should be no such cause of action in cases of death on the high seas. By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the exclusive recovery for deaths that occur on the high seas.

_Id._ at 123.

Significantly, however, the Supreme Court declared in _Dooley_ that it was not deciding "whether general maritime law _ever_ provides a survival action." _Id._ at 124 n.2 (emphasis in original). Rather, the Supreme Court explicitly recognized that a survival action is still available, apart from DOHSA, when the decedent is a seaman. _See id._ at 124. Specifically, the Supreme Court stated:

> The comprehensive scope of DOHSA is confirmed by its survival provision, which limits the recovery

6

> in such cases to the pecuniary losses suffered by surviving relatives.  The Act thus expresses Congress' "considered judgment" on the availability and contours of a survival action <u>in cases of death on the high seas</u>.  For this reason, it cannot be contended that DOHSA has no bearing on survival actions; rather, Congress has simply chosen to adopt a more limited survival provision. Indeed, Congress did so in the same year that it incorporated into the Jones Act, which permits <u>seamen</u> in the course of their employment to recover damages for their injuries, <u>a survival action similar to the one petitioners seek here</u>.

<u>Id.</u> (emphasis added) (citations omitted).  Significantly, <u>Dooley</u> did not involve the death of a seaman, as <u>Miles</u> did, and as this case does.  See <u>Dooley</u>, 524 U.S. at 118; <u>Miles</u>, 498 U.S. at 21.

Accordingly, because the Jones Act, "through its incorporation of FELA, provides that a seaman's right of action for injuries due to negligence survives to the seaman's personal representative," <u>Miles</u>, 498 U.S. at 33, and because the Jones Act's survival provision limits recovery "to losses suffered during the decedent's lifetime," <u>id.</u> at 35, we hold that a decedent seaman's estate may recover damages for the decedent seaman's pre-death pain and suffering in a general maritime survival action.  46 U.S.C. § 30104; 45 U.S.C. § 59. See <u>Miles</u>, 498 U.S. at 33-36.

7

## II. Conclusion

Similar to the Supreme Court's reasoning in <u>Miles</u>, we hold that in a general maritime survival action based upon the death of a seaman, we look to the Jones Act for guidance. <u>See</u> <u>Miles</u>, 498 U.S. at 33-36. Because the Jones Act permits recovery for the losses suffered during a decedent seaman's lifetime in a survival action, including pre-death pain and suffering, Hardick's estate may recover for his pre-death pain and suffering under general maritime law. 46 U.S.C. § 30104; 45 U.S.C. § 59. <u>See</u> <u>Miles</u>, 498 U.S. at 35-36. Accordingly, the disposition recited in our opinion dated March 2, 2012 will be modified. We will affirm in part and reverse in part the judgment of the trial court. We will vacate the $1.15 million award for Mrs. Hardick's loss of society; however, we will affirm the $2 million award for Hardick's pain and suffering. We will remand the case to the trial court for entry of an order consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.