FEDERIGO A. MORENO, UNITED STATES DISTRICT JUDGE
I. BACKGROUND
Plaintiff, in his individual capacity and as Administrator of the Estate of his deceased wife, brought this maritime wrongful death action against Defendant alleging negligence under the Death on the High Seas Act, 46 U.S.C. §§ 30301 - 30308 and intentional infliction of emotional distress. Specifically, Plaintiff alleges the following in his Complaint: On the afternoon of May 12, 2016 Samantha Joyce Broberg, age 33, along with two traveling companions, boarded the Carnival Liberty cruise ship in Galveston, Texas with destination to Cozumel, Mexico. (Complaint ¶ 16). Beginning that afternoon and continuing for the next twelve hours, bartenders served Mrs. Broberg multiple alcoholic drinks and she became visibly intoxicated. (Id. at ¶¶ 17, 18). Around 2 a.m. on May 13, Mrs. Broberg, in her inebriated state, approached a lounge chair on Deck 10 and began climbing the outside railing. (Id. at ¶¶ 21, 22). She momentarily sat on the rail, then fell backwards into the water, and presumably drowned. (Id. ). The Carnival Liberty's *1316 camera system recorded Mrs. Broberg's fall overboard but ship personnel did not become aware of it for several hours. (Complaint ¶ 27). As a result, the Carnival Liberty did not initiate a search and rescue operation. (Id. at ¶ 32). The ship's captain did not report the fall to the United States Coast Guard until approximately fifteen hours after the incident and eight hours after Mrs. Broberg's travel companions notified ship personnel that she was missing. (Id. at ¶¶ 34-36).
In addition, Plaintiff alleges that Defendant acted with reckless indifference by making public media announcements about Mrs. Broberg's identity and death without first notifying him that she had fallen overboard and had not been rescued. (Id. at ¶ 92). Plaintiff instead received telephone calls from numerous news stations regarding his wife's death, which caused him extreme emotional distress. (Id. at ¶ 93).
Defendant is seeking dismissal of 1) Plaintiff's negligence claim, 2) intentional infliction of emotional distress claim, and 3) request for punitive damages. In addition, Defendant claims that Plaintiff's Complaint should be dismissed as an impermissible "shotgun" pleading.
II. LEGAL STANDARD
"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). A claim has facial plausibility when the plaintiff's allegations allow a court to "draw [a] reasonable inference that defendant is liable for [the] misconduct alleged." Id. When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. Brooks v. Blue Cross & Blue Shield of Fla. Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).
III. ANALYSIS
A. Plaintiff has alleged sufficient facts to support a negligence claim
"General maritime law applies to cases that allege torts committed aboard cruise ships sailing in navigable waters." Cubero v. Royal Caribbean Cruises, Ltd., No. 16-CV-20929-GAYLES, 2016 WL 4270216, at *2 (S.D. Fla. Aug. 15, 2016). Additionally, the Death on the High Seas Act applies to this case as it establishes a cause of action for the death of a person "caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States." 46 U.S.C. § 30302. Cubero, 2016 WL 4270216, at *2.
To plead negligence, a plaintiff must allege that 1) the defendant had a duty to protect the plaintiff from a particular injury; 2) the defendant breached that duty; 3) the breach actually and proximately caused the plaintiff's injury; and 4) the plaintiff suffered actual harm. Chaparro v. Carnival Corp., 693 F.3d 1333, 1336 (11th Cir. 2012). The Supreme Court has held that under maritime law, "a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). The Eleventh Circuit has likewise held that the benchmark against which a shipowner's behavior must be measured is ordinary care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where ... the menace is one commonly encountered on land and *1317 not clearly linked to nautical adventure. Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir. 1989).
The facts alleged here support a plausible claim that Defendant failed to exercise reasonable care under the circumstances by over-serving Mrs. Broberg, failing to detect and report her fall for fifteen hours, and failing to initiate a prompt search and rescue when she fell overboard.
Defendant argues that Plaintiff's negligence claim should be dismissed because it is premised, in part, on the ship's duty to warn passengers of the dangers of drinking alcohol to excess and no such duty exists under the law. Defendant relies on Cook v. MillerCoors, LLC, a non-maritime, products liability case in which the court dismissed the plaintiff's negligence claim because it did not find that the defendant manufacturers had a duty to warn of dangers that are apparent and obvious such as the danger of drinking excessively. Cook v. MillerCoors, LLC, 2012 872 F.Supp.2d 1346, 1351 (M.D. Fla. 2012). However, this case is inapplicable to the negligence facts alleged by Plaintiff.
A more instructive case is Tello v. Royal Caribbean Cruises, Ltd., the facts of which are nearly identical to those alleged here. In Tello, a cruise ship passenger whose son fell overboard and presumably drowned after bartenders on the ship served him multiple alcoholic drinks, sued the cruise line for negligence under the Death on the High Seas Act. This Court found that the plaintiff's allegations that the cruise line had over-served her son, had failed to assist him once he was inebriated, and had failed to launch a search and rescue operation when he fell overboard supported her negligence claim. Tello v. Royal Caribbean Cruises, Ltd., 939 F.Supp.2d 1269, 1275-76 (S.D. Fla. 2013).
In Cubero v. Royal Caribbean Cruises, Ltd., another case involving an intoxicated cruise ship passenger who fell overboard and drowned, this Court declined to dismiss plaintiff's negligence claim. Cubero, 2016 WL 4270216, at *3. Because "a cause of action for over service of alcohol sounds in negligence," Defendant's motion to dismiss Count I should be denied. Doe v. NCL (Bahamas) Ltd., No. 11-2230-CIV, 2012 WL 5512347, at *6 (S.D. Fla. Nov. 14, 2012).
B. The record should be further developed with respect to Plaintiff's intentional infliction of emotional distress claim
"Courts sitting in admiralty typically look to the standards set out in the Restatement (Second) of Torts § 46 (1965) as well as state law to evaluate claims for intentional infliction of emotional distress." Wu v. NCL (Bahamas) Ltd., No. 16-22270-Civ-Scola, 2017 WL 1331712, at *2 (S.D. Fla. Apr. 11, 2017).
Under Florida law, a plaintiff must plead the following elements in order to state a claim for intentional infliction of emotional distress: 1) extreme and outrageous conduct; 2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; 3) severe emotional distress suffered by the plaintiff and 4) that the conduct complained of caused the plaintiff's severe emotional distress. Blair v. NCL (Bahamas) Ltd., 212 F.Supp.3d 1264, 1269 (S.D. Fla. 2016) (citing Metropolitan Life Insurance Co. v. McCarson, 467 So.2d 277, 278 (Fla. 1985) ). Under the first prong, a defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metropolitan Life, 467 So.2d at 278-79 (quoting Restatement (Second) of Torts § 46 (1965) ).
"While there is no exhaustive or concrete list of what constitutes outrageous *1318 conduct, Florida common law has evolved an extremely high standard." Garcia v. Carnival Corp., 838 F.Supp.2d 1334, 1339 (S.D. Fla. 2012) (quoting Merrick v. Radisson Hotels Int'l, No. 06-cv-01591-T-24TGW (SCB), 2007 WL 1576361, at *4 (M.D. Fla. May 30, 2007) ). Whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law for the court to decide, not a question of fact. Blair, 212 F.Supp.3d at 1269-1270. Defendant contends that Plaintiff has not pleaded sufficient facts to establish the first and second elements of his claim.
While a plaintiff must meet an extremely high bar in order to state a cause of action for intentional infliction of emotional distress, this Court has also recognized that upon the loss of a loved one, "[t]he potential for severe emotional distress is enormously increased" because "the bereaved are already suffering psychic trauma." Markham v. Carnival Corp., No. 12-23270-CV-ALTONAGA/Simonton, 2012 WL 12866787, at *3-4, 2012 U.S. Dist. LEXIS 194424, at *9 (S.D. Fla. Dec. 3, 2012) (quoting Williams v. City of Minneola, 575 So.2d 683, 691 (Fla. 5th DCA 1991) ). Consequently, under such circumstances, behavior which might otherwise be "merely insulting, frivolous, or careless becomes indecent, outrageous and intolerable." Id.
In Markham v. Carnival Corp., an intoxicated cruise ship passenger fell overboard and drowned after bartenders continuously served him alcohol. After the incident, a Carnival representative contacted decedent's mother to tell her that her son had committed suicide. Carnival then disseminated this information to the local media. Recognizing the potential for severe emotional distress due to the loss of a loved one, this Court declined to dismiss plaintiff's intentional infliction of emotional distress claim in order to allow the parties to further develop the record as to "whether Carnival's actions amount to the type of conduct regarded as atrocious and utterly intolerable in a civilized community." Markham, 2012 WL 12866787, at *4, 2012 U.S. Dist. LEXIS 194424, at *9.
Here, Plaintiff, who has experienced the loss of his wife, alleges that Defendant "acted with reckless indifference by communicating first with the media concerning Mrs. Broberg's disappearance and fall overboard, without prior notification to Plaintiff that she had fallen overboard, resulting in extreme emotional distress to Plaintiff." (Complaint ¶ 93). The record in this case should be further developed to determine whether Defendant's actions amount to extreme and outrageous conduct as Defendant has not denied that it communicated first with the media. Furthermore, the sequence of events supporting Plaintiff's intentional infliction of emotional distress claim remains unclear.
C. Plaintiff is not barred from seeking punitive damages under his intentional infliction of emotional distress claim
Where an action for wrongful death exists under the Death on the High Seas Act, the statute provides punitive damages are unavailable. 46 U.S.C. § 30303 ; see Dooley v. Korean Air Lines Co., 524 U.S. 116, 122, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998).
Defendant argues that Plaintiff's claim for punitive damages should be dismissed under the Death on the High Seas Act, which does not permit recovery of such damages. However, Defendant mischaracterizes Plaintiff's claim, since Plaintiff seeks punitive damages only with respect to Count II for intentional infliction of emotional distress.
*1319 Here, Plaintiff is not claiming punitive damages "flowing from the defendants' actions that caused the death[ ] on the high seas." Markham, 2012 WL 12866787, at *5-6, 2012 U.S. Dist. LEXIS 194424, at *14. Instead, Plaintiff is claiming punitive damages for emotional injuries suffered as a result of Defendant's public media announcements about Mrs. Broberg's identity and death. The Death on the High Seas Act does not apply to this count and therefore Plaintiff is not barred from seeking punitive damages under his intentional infliction of emotional distress claim.
D. Plaintiffs Complaint is not a shotgun pleading
Lastly, Defendant contends that Plaintiff's complaint should be dismissed because it is a "shotgun pleading," in violation of Federal Rule of Civil Procedure 8. "A shotgun complaint is commonly characterized by a plaintiff's incorporation of previous counts' allegations, by reference, and results in superfluous information in several counts." Perricone v. Carnival Corp., No. 15-20309-CV-GAYLES, 2016 WL 1161214, at *3 (S.D. Fla. Mar. 24, 2016). "[S]hotgun pleadings wreak havoc on the judicial system." Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." Martins v. Royal Caribbean Cruises, Ltd., 174 F.Supp.3d 1345, 1358 (S.D. Fla. 2016).
Even if a complaint references previously asserted facts in each count, "that does not necessarily make it a shotgun pleading." Id. In Martins v. Royal Caribbean Cruises, Ltd., this Court concluded that Plaintiff's complaint which included seven counts, was a total of 123 paragraphs, and incorporated previous count's allegations by reference, was not a shotgun pleading because it was sufficiently organized. Martins, 174 F.Supp.3d at 1358. The first 54 paragraphs established the facts of the case generally at the outset and each count included specific allegations unique to the claim alleged. Id.
Similarly, in Perricone v. Carnival Corp. , this Court declined to dismiss plaintiff's seven-count complaint as a shotgun pleading because the complaint was organized and comprehensible. Perricone, 2016 WL 1161214, at *3. The first 29 paragraphs detailed the allegations of negligence against the defendants and were incorporated under each count. Id. This Court concluded:
These paragraphs are key to each count of negligence, and any allegations that are relevant only to the specific count are subsequently detailed in their respective counts. This is not a situation where the Complaint is difficult to understand because each claim is repleaded in every count or where Plaintiff's referencing back is disorganized and incomprehensible.
Id. Here, Plaintiff's Complaint includes only two counts. Count I alleges negligence under the Death on the High Seas Act and is based upon Defendant's excessive service of alcohol, its failure to detect and report Mrs. Broberg's fall overboard, and its failure to initiate a prompt search and rescue operation. (Complaint ¶¶ 58-88). Count II alleges intentional infliction of emotional distress and is based upon Defendant's conduct in making public media announcements about Mrs. Broberg's death without first notifying Plaintiff. (Id. at ¶¶ 89-102). The Complaint is a total of 102 paragraphs, the first 57 of which establish the facts of the case and are incorporated by reference in both counts.
Even if the Court were to find that Plaintiff's Complaint is a "shotgun" pleading, dismissal with prejudice would not be proper at this stage of the proceedings.
*1320 The Eleventh Circuit, while consistently condemning shotgun pleadings, "has cautioned that dismissal of a claim should be the last resort." Perricone, 2016 WL 1161214, at *3. The Eleventh Circuit has said, "[w]hen faced with a shotgun complaint, we have encouraged defendants to make motions for more definite statements or courts to demand repleader [ ] and not, as the case were, to dismiss a complaint with prejudice." Bailey v. Janssen Pharmaceuticals, Inc., 288 Fed.Appx. 597, 603, 2008 WL 2898214 (11th Cir. 2008). Therefore, Plaintiffs Complaint should not be dismissed with prejudice.
For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.
DONE AND ORDERED in Chambers at Miami, Florida, this 14th of July 2017.